UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:15-cr-20169

HONORABLE STEPHEN J. MURPHY, III

v.

BRUCE JOSEPH MACKLYN,

    Defendant.

                                      /

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE
<u>RELEASE [34] AND MOTION TO APPOINT COUNSEL [33]</u>**

Defendant Bruce Macklyn moved for release under the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A). ECF 34. Defendant argued that he should be released to a residential reentry center because he is at a higher risk for severe illness from COVID-19 due to his age and medical history. *Id.* at 196, 209. Defendant also moved to appoint counsel to assist with the compassionate release motion. ECF 33. The Government opposed the motion for compassionate release. ECF 40.

I.    <u>Motion to Appoint Counsel</u>

"[T]he Court has discretion to appoint counsel if the interests of justice so requires." *United States v. Oliver*, No. 3:17-CR-41-3, 2020 WL 2310391, at *3 (E.D. Tenn. May 8, 2020) (citing 18 U.S.C. § 3006A). But "there is no general constitutional right to appointed counsel in post-conviction proceedings, . . . including proceedings under 18 U.S.C. § 3582(c)." *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555

1

(1987), and *United States v. Bruner*, No. 5:14-CR-05, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). "This is because a motion filed under § 3582(c)(2) 'is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual.'" *Bruner*, 2017 WL 106434, at *2 (quoting *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (alterations in original)). Additionally, Defendant's motion, like most compassionate release motions, is "not a particularly complex claim factually or legally[.]" *United States v. Ryerson*, No. 3:09-CR-66-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020).

Because Defendant has not shown a likelihood of success of obtaining the relief he seeks, appointing counsel will not serve the interests of justice, and is inappropriate. The Court will deny the motion to appoint counsel.

II.    Motion to Reduce Sentence

To be eligible for compassionate release, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides some guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. The Guidelines classify those reasons in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three categories. *Id.* at cmt. n.1(A)–(D).

Even if Defendant establishes "extraordinary and compelling reasons," he is ineligible for compassionate release if he is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The Court must consider the 18 U.S.C. § 3142(g) factors when determining the dangerousness of Defendant. U.S.S.G. § 1B1.13(2). Those factors include: (1) the nature and circumstances of the offense, (2) the weight of the evidence against Defendant, (3) Defendant's history and characteristics, and (4) the nature and seriousness of the danger Defendant's release would pose to any person or the community. 18 U.S.C. § 3142(g).

Defendant has proven that "extraordinary and compelling reasons" warrant his release. U.S.S.G. § 1B1.13(2). The Government agreed that Defendant's medical conditions and age likely qualify as an "extraordinary or compelling circumstance" in light of the increased risk of serious illness due to COVID-19. ECF 40, PgID 277. Defendant is being treated for moderate chronic kidney disease, glaucoma, and coronary artery disease. *Id.*, ECF 41 (under seal). Given these medical conditions, Defendant is at high risk of severe illness should he contract COVID-19. *See People with Certain Medical Conditions*, CDC, (Oct. 19, 2020), https://bit.ly/31WKhck [https://perma.cc/MHP3-W5EH]. The Court must now consider whether Defendant is "a danger to the safety of any other person or to the community[.]" U.S.S.G. § 1B1.13(2).

First, the Court considers the nature and seriousness of Defendant's offense. Defendant pleaded guilty to distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). ECF 32. Before his incarceration he collected and

3

distributed images and videos that depicted very young children being forcefully sexually assaulted by men. ECF 28, PgID 156–57. Additionally, in the months preceding his arrest, Defendant had lived with a family who had two young girls, both of whom he admitted to kissing, taking photos and videos of them, and touching their breasts. *Id.* at 158. Additionally, the record reveals that Defendant actively sought advice from other pedophiles on how best to isolate and exploit the young girls with whom he was living. *Id.* Moreover, because child pornography is a crime of violence, by definition, it entails danger to the community. *See United States v. Brown*, No. CR2-08-2016, 2008 WL 2098070, at *3 (S.D. Ohio May 16, 2008); *see also United States v. Crisman*, No. CR-11-2281 JB, 2011 WL 5822731, at *14 (D.N.M. Nov. 15, 2011). In all, Defendant's criminal offenses clearly convey a severe danger the community.

Next, the Court looks at the weight of the evidence against Defendant. The record includes emails sent by Defendant to other pedophiles seeking advice and encouragement for grooming the young girls with whom he was living. ECF 28-2, PgID 156–59. The detention hearing also included testimony about the presence of thousands of images of children on Defendant's electronic devices. ECF 11, PgID 46, 50, 53, 74, 76–77. And Defendant has not testified to any evidence of rehabilitation while in custody. *See United States v. Spencer*, No. 1:15-cr-375, 2020 WL 3047439, at *5 (N.D. Ohio June 8, 2020) (pointing out that a defendant's rehabilitation efforts may outweigh dangerous criminal history). What is more, Defendant has not yet completed any sex offender treatment programs while incarcerated. ECF 40, PgID

4

279–80. *See generally United States v. Williams*, No. 16-cr-20078, 2020 WL 5071525 (E.D. Mich. Aug. 27, 2020). Thus, the weight of the evidence against Defendant is strong and there are no rehabilitative efforts outweighing his criminal history.

The third factor the Court must analyze is Defendant's history and characteristics. Here, Defendant's only prior conviction was more than twenty years ago and unrelated to the child exploitation crimes. ECF 34, PgID 207. That said, "[a]lthough a prior record of violence eases the government's burden of showing dangerousness, it is not essential." *Stone*, 608 F.3d at 950 (quoting *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991)). The Government has shown the Defendant was an active distributor and collector of child pornography for many years, succeeded at the beginning stages of grooming minors while living with them, and has attended no sex offender rehabilitation during prison term. Although Defendant's lack of a criminal record weighs slightly against his dangerousness, the characteristics of his crime and ease of reoffending supports a finding of dangerousness. *See United States v. Snody*, No. 16-20322, 2020 WL 5291977, at *2 ("[Defendant's] longstanding consumption of child exploitation images furthered an immense economy of child trafficking, rape, and torture.").

And finally, the Court must evaluate "the nature and seriousness of the danger" that Defendant would pose "to any person or the community[.]" 18 U.S.C. § 3142(g)(4). Danger to "the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (per curiam) (internal quotation marks omitted).

5

Given that Defendant exploited children online and in person, the Court finds that the fourth factor weighs against Defendant's release. *See United States v.* Smith, No. 14-20814, 2020 WL 5071176, at *3 (E.D. Mich. Aug. 26, 2020) ("[F]ederal courts have been disinclined to grant compassionate release to petitioners convicted of crimes involving child pornography, even for vulnerable petitioners during the COVID-19 pandemic, citing potential dangerousness.") (internal quotation omitted).

Because all four 18 U.S.C. § 3142(g) factors weigh against Defendant, the Court finds that Defendant is a danger to the community and is therefore ineligible for compassionate release. The Court will deny Defendant's motion for compassionate release.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's emergency motion for compassionate release [34] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for the appointment of counsel [33] is **DENIED.**

**SO ORDERED.**

                                           s/ Stephen J. Murphy, III
                                           STEPHEN J. MURPHY, III
                                           United States District Judge

Dated: October 26, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2020, by electronic and/or ordinary mail.

                                           s/ David P. Parker
                                           Case Manager